******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

IN RE PAULO T.*
(SC 20745)

Robinson, C. J., and McDonald, D'Auria,
Mullins and Ecker, Js.

*Syllabus*

The respondent father appealed to the Appellate Court from the judgment of the trial court, which granted the motion for reinstatement of guardianship rights filed by the petitioner mother with respect to their minor son, P. In its decision on the petitioner's motion, the trial court stated that parents are entitled to a presumption that reinstatement of guardianship rights is in the best interests of the child. On appeal to the Appellate Court, the respondent claimed, inter alia, that the presumption to which the trial court referred in its decision does not apply in cases between two parents. The Appellate Court agreed with the respondent but nevertheless affirmed the trial court's judgment because, after reviewing the record, the court discerned no indication in the record that the trial court had in fact applied the presumption. On the granting of certification, the respondent appealed to this court. *Held*:

1. This court concluded that it did not need to address the issue of whether the presumption that reinstatement of guardianship rights is in the best interests of the child applies in cases such as the present one, in which both parties are the parents of the minor child, insofar as both parties agreed with the Appellate Court's conclusion that the presumption does not apply in such cases.

2. The Appellate Court correctly concluded that, notwithstanding the trial court's statement in its decision that parents are entitled to a presumption that reinstatement of guardianship rights is in the best interests of the child, the trial court did not apply the presumption but, rather, applied the proper best interests balancing test:

   This court had ordered the trial court to issue an articulation to clarify whether it applied the presumption, accepted the trial court's unequivocal response that it did not apply the presumption, and, after reviewing the trial court's decision, concluded that the trial court had determined that reinstatement of guardianship was in the best interests of P by considering and applying the factors set forth in the statute ((Rev. to 2021) § 46b-56 (c)) governing the consideration of the best interests of a child in making or modifying custody orders.

Argued May 1—officially released July 19, 2023**

*Procedural History*

Motion for reinstatement of guardianship rights, filed by the petitioner mother with respect to her minor child, brought to the Superior Court in the judicial district of Fairfield, Juvenile Matters, where the case was tried to the court, *Maronich, J.*, which granted the motion, issued certain orders with respect to the visitation rights of the respondent father, and rendered judgment thereon; thereafter, the respondent appealed to the Appellate Court, *Bright, C. J.*, and *Moll* and *Alexander, Js.*, which affirmed the trial court's judgment, and the respondent, on the granting of certification, appealed to this court. *Affirmed*.

*Benjamin M. Wattenmaker*, assigned counsel, for the appellant (respondent father).

*Robert C. Koetsch*, assigned counsel, for the appellee (petitioner mother).

*Opinion*

PER CURIAM. This certified appeal arises from the motion of the petitioner mother, Mae T., to reinstate her guardianship rights with respect to her minor child, Paulo T. In the course of its oral decision granting the motion, the trial court stated that parents are entitled to a presumption that reinstatement of guardianship rights is in the best interests of the child. The respondent father, Horace W., appealed from the judgment of the trial court to the Appellate Court, contending, among other things, that this presumption does not apply in cases between two parents. *In re Paulo T.*, 213 Conn. App. 858, 860, 866, 279 A.3d 766 (2022). The Appellate Court agreed with the respondent but nevertheless affirmed the judgment because, after reviewing the record as a whole, it discerned no indication that the trial court had in fact applied the presumption. See id., 866, 877–78, 892. The respondent filed a petition for certification to appeal from the judgment of the Appellate Court, which we granted, limited to the following questions: (1) "Did the Appellate Court correctly conclude that the presumption that reinstatement of guardianship is in the best interest of the child does not apply in cases in which both parties are the parents of the minor child?" And (2) "[d]id the Appellate Court correctly conclude that, notwithstanding the trial court's statement that a presumption applies, the trial court did not apply the presumption but, rather, correctly applied the proper best interest balancing test?" *In re Paulo T.*, 344 Conn. 904, 281 A.3d 460 (2022). Under the circumstances in which this case is presented to us, we need not address the first certified question, and we answer the second question in the affirmative. Accordingly, we affirm the judgment of the Appellate Court.

The legal context underlying the first certified question derives from this court's statement in *In re Zakai F.*, 336 Conn. 272, 255 A.3d 767 (2020), that, "once a parent demonstrates that the factors that resulted in the removal of the parent as guardian have been resolved satisfactorily, the parent is entitled to a presumption that reinstatement of guardianship rights is in the best interests of the child." Id., 276; see also id., 288. However, *In re Zakai F.* did not involve reinstatement proceedings in which each party was a parent of the minor child; see id., 276–77; and we have not yet had occasion to address whether the presumption applies in such cases. The present appeal does not present a suitable opportunity to resolve that issue because both parties agree with the Appellate Court's conclusion that the presumption for reinstatement of guardianship does not apply when the dispute is between two parents. Accordingly, we need not address whether the presumption would apply in this case and leave for another day the question of whether the presumption would ever apply

in a case between two parents.

Turning then to the second certified question, we consider whether the Appellate Court correctly concluded that the trial court did not, in fact, apply the presumption but, instead, properly applied the best interests analysis to determine that reinstatement of the petitioner's guardianship rights was in the best interests of the child. See *In re Paulo T.*, supra, 213 Conn. App. 877–78.

After the trial court conducted a hearing on the petitioner's motion for reinstatement of her guardianship rights, it issued an oral decision. In setting forth the governing law, the trial court explained that, "[i]n order to prevail on [a] petition [to reinstate parental guardianship rights], a parent must demonstrate that the factors that resulted in the removal of the parent as guardian have been resolved satisfactorily. *The parent is entitled to a presumption that reinstatement of guardianship rights is in the best interests of the child.*" (Emphasis added.) Subsequently, and without any reference to any such presumption, the court stated that, "[w]ith regard to the best interests [of Paulo] . . . the court looks for guidance to the provisions of . . . General Statutes [Rev. to 2021] § 46b-56."[1] Indeed, after its preliminary remark, the court never mentioned the presumption again in its decision, although it also never stated that the presumption was not applicable in the present case.

Because of the ambiguity concerning whether the trial court applied the presumption in favor of reinstatement, following oral argument before this court, pursuant to Practice Book § 60-5, we, sua sponte, ordered the trial court to issue an articulation to clarify whether it applied the presumption. See, e.g., *Moore* v. *Commissioner of Correction*, 338 Conn. 330, 338, 258 A.3d 40 (2021) (ordering, sua sponte, habeas court articulation); *State* v. *Walker*, 319 Conn. 668, 680, 126 A.3d 1087 (2015) ("[an] articulation serves to dispel any . . . ambiguity by clarifying the factual and legal basis [on] which the trial court rendered its decision, thereby sharpening the issues on appeal" (internal quotation marks omitted)).

Specifically, we asked the trial court to answer the following question: "In determining that it was in the best interests of Paulo . . . to reinstate the guardianship of the [petitioner], did the court apply a presumption that reinstatement of her guardianship rights was in the best interests of the child?" The trial court responded by issuing an articulation, stating that it "made an incomplete statement of the applicable law" and "failed to state the exception that the presumption does not apply in a contest between two parents." The trial court also made clear that it "did not apply the presumption in favor of the petitioner in its analysis of the best interests of Paulo . . . . The court applied a neutral analysis guided by the statutory factors set forth in . . . § 46b-56 (c)." Thereafter, this court ordered the parties to submit supplemental briefs addressing the trial

court's articulation.[2]

After carefully considering and reviewing the parties' briefs and the record, we, like the Appellate Court, conclude that the trial court did not apply a presumption in favor of the petitioner when it determined that reinstatement of her guardianship was in the best interests of Paulo. First, although the trial court mentioned the presumption when reciting the background law, we accept the trial court's unequivocal response to our articulation order that it did not apply the presumption. The court acknowledged that it did not precisely state the law but confirmed that it nevertheless applied the law appropriately. See, e.g., *Cookson* v. *Cookson*, 201 Conn. 229, 242, 514 A.2d 323 (1986) ("[t]he fact that [an improper standard] was mentioned in the trial court's decision as a desirable goal and may have culminated in the same result as the statutory criteria does not require a conclusion that the court based its decision on that [improper] standard").

Second, the trial court's clarification is consistent with our review of the remainder of its decision. The trial court's decision demonstrates that the court determined that reinstatement of guardianship was in the best interests of Paulo by considering and applying the statutory factors set forth in § 46b-56 (c). Reviewing the decision of the trial court as a whole, it is our view that the Appellate Court correctly concluded that the trial court had applied the proper, best interests balancing test and had not applied the presumption that reinstatement of guardianship is in the best interests of the child. See, e.g., *In re Jason R.*, 306 Conn. 438, 453, 51 A.3d 334 (2012) ("we are mindful that an opinion must be read as a whole, without particular portions read in isolation, to discern the parameters of its holding" (internal quotation marks omitted)).

The judgment of the Appellate Court is affirmed.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79a-12, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the court.

** July 19, 2023, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] General Statutes (Rev. to 2021) § 46b-56 (c) sets forth certain factors that the trial court may consider when determining the best interests of the child but clarifies that "[t]he court is not required to assign any weight to any of the factors that it considers, but shall articulate the basis for its decision."

Hereinafter, all references to § 46b-56 in this opinion are to the 2021 revision of the statute.

[2] In his supplemental brief, the respondent argues that, because the trial court's articulation is inconsistent with the reasoning in its decision, this court must reverse the trial court's decision and remand the case for a new trial. We disagree. The articulation removed any speculation as to what standard of law the trial court applied. In addition, the trial court's decision, when read as a whole, is consistent with the court's representation that it never actually applied the presumption in the present case.